UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**SHERMANIE REED**                                               **CIVIL ACTION**

**VERSUS**                                                              **NO. 21-624-JWD-RLB**

**TROY LAWRENCE, JR., CITY OF**
**BATON ROUGE, AND PARISH OF**
**EAST BATON ROUGE**

## ORDER

Before the Court is Plaintiff's Motion to Compel filed on July 22, 2022. (R. Doc. 12). Plaintiff filed an Amended Memorandum. (R. Doc. 18). The motion is opposed. (R. Doc. 20). Plaintiff filed a supplemental reply. (R. Doc. 26).

**I.      Background**

This is civil rights action involving the alleged unlawful arrest of Sharmaine Reed ("Plaintiff") by Officer Troy Lawrence, Jr ("Officer Lawrence"). (R. Doc. 1). Plaintiff is seeking recovery from Officer Lawrence and the City-Parish of East Baton Rouge (collectively, "Defendants").

On March 9, 2022, the Court issued a Scheduling Order setting, among other things, the deadline to file all discovery motions and to complete all discovery except experts on July 15, 2022. (R. Doc. 11).

On May 23, 2022, Plaintiff served written discovery requests on Defendants. (R. Doc. 12-1 at 2). Discovery closed on July 15, 2022. No timely discovery motions were filed.

On July 22, 2022, seven days after the discovery deadline, Plaintiff filed the instant Motion to Compel. Plaintiff alleges that Defendants provided insufficient responses to Plaintiff's

discovery requests on July 19 and July 22, 2022. (R. Doc. 12-1 at 2). This was after the deadline to complete discovery and file discovery related motions.[1]

## II. Law and Analysis

The instant Motion to Compel was filed after the deadline to file any discovery related motions. Local Rule 26(d)(1) provides that the parties may conduct unopposed discovery after the deadline, but that any discovery motion must be filed before the expiration of the discovery deadline. Specifically, it provides:

> (1) Unopposed discovery may continue after the applicable deadline for discovery contained in the scheduling order, provided that discovery does not delay other pretrial preparations or the trial setting. ***Absent exceptional circumstances, no motions relating to discovery, including motions under Fed. R. Civ. P. 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within seven days after the discovery deadline and pertain to conduct during the final seven days of discovery.***

LR 26(d) (emphasis added).

Plaintiff was aware of disputes regarding the discovery requests at issue well before the July 15, 2022, deadline. This is evidenced by Plaintiff's numerous attempts to obtain responses from Defendants on June 26, July 9, and July 11. Plaintiff did not seek or obtain an extension of the discovery deadline to be allotted the opportunity to conduct any additional non-expert discovery. "[I]f the conduct of a respondent to discovery necessitates a motion to compel, the

---

[1] Although untimely, plaintiff did receive additional discovery responses after the deadline to complete all fact discovery but prior to any motion being filed. On July 21, 2022, after returning from a conference, Plaintiff's counsel reviewed an email sent on July 19, 2022 containing "ANSWERS TO DISCOVERY" and a package containing a physical flash drive with three video files and four PDF files. (R. Doc. 12-1 at 4). In her Motion to Compel, Plaintiff argues that Defendants' "ANSWERS TO DISCOVERY" were "woefully incomplete and evasive." (R. Doc. 12-1 a 4). Specifically, Defendants refused to answer certain written discovery based on frivolous legal grounds; improperly redacted the name of lay witnesses from documents; and refused to produce body camera footage, relevant communications, audio recordings of Officer Lawrence's internal affairs interview, and First Amendment training materials. (R. Doc. 12-1 at 4-5).
On July 22, 2022, Counsel for the parties discussed Defendants' responses during a telephone conference. (R. Doc. 12-2). That same day, only "moments before" Plaintiff filed the instant Motion to Compel, Defendants produced a cache of Internal Affair documents with redactions. (R. Doc. 18 at 1).

requester of the discovery must protect himself by timely proceeding with the motion to compel. If he fails to do so, he acts at his own peril." *Wells v. Sears Roebuck and Co.*, 203 F.R.D. 240, 241 (S.D. Miss. 2001).

The fact that Defendants submitted (insufficient) responses to Plaintiff's discovery request on July 19, 2022 (four days after the discovery deadline) and July 22, 2022 (seven days after the discovery deadline) does not salvage Plaintiff's untimely Motion to Compel. The filing of a discovery motion under Fed. R. Civ P. 26(c) outside of the discovery deadline is prohibited unless the motion pertains to conduct that occurred during the last seven days of the discovery period or exceptional circumstances exist. There is nothing exceptional about this discovery dispute or any reason a timely motion could not be filed. Defendants' responses were not due or submitted within the last seven days of the discovery deadline (July 8-15), and Plaintiff has not shown exceptional circumstances for the untimely filing of her Motion to Compel. For these reasons, the Court will deny the instant Motion to Compel as untimely. *See* LR 26(d)(1); *see also Wells,* 203 F.R.D. 240, 241; *Days Inn Worldwide, Inc. v. Sonia Investments,* 237 F.R.D. 395, 396-99 (N.D. Tex. 2006) (motion to compel was untimely filed wo weeks after the discovery deadline; motion should have been filed within discovery deadline) (collecting cases).

**III.    Conclusion**

Based on the forgoing,

**IT IS ORDERED** that Plaintiff's Motion to Compel (R. Doc. 12) is **DENIED**.

Signed in Baton Rouge, Louisiana, on October 24, 2022.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**